[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #2 OF LEVY DRONEY AND VITALE
On September 16, 1999, this court issued a memorandum of decision on Defendants Levy Droney's ("Levy") and Joseph Vitale's ("Vitale") Motion for Summary #2, which had been the subject of oral argument on September 7, 1999. The movants have requested clarifications of that ruling.
The text of Levy's and Vitale's Motion for Summary Judgment #2, dated June 4, 1999, contains no reference to Counts 125-134, which were not contained in the version of the complaint to which that motion was directed. The movants now note that they had expanded that motion, not by filing a new motion, but by a notation in a footnote in their reply brief filed on August 20, 1999. In that footnote, the movants stated that in their view,
 In the Amended Revised Complaint, plaintiffs removed their "acting in concert" theory from Counts 15-24 and repleaded that theory in counts 125-134 (each of which is labeled "acting in concert/violations of §§ 17b-520 — 17b-535"). CT Page 13254 The arguments presented in this motion apply equally to plaintiffs' "acting in concert" theory now appearing in Counts 125 through 134 as well as to the "aiding and abetting theory now appearing alone in Counts 15-24.
The plaintiffs have filed no response to the movants' request for clarification concerning the court's ruling on the motion with regard to counts 125-134, and they did not object at oral argument on September 7, 1999, to the expansion of the motion by means of a footnote notation. The court concludes, therefore, that the plaintiffs accept that this motion was addressed to Counts 125-134 and issues the following ruling on the motion as it applies to these counts.
The July 22, 1999 complaint continues to contain claims of acting in concert at Counts 15-24 directed to, inter alia, Levy and Vitale. In addition, the July 22, 1999 complaint contains claims of "acting in concert" against these defendants in Counts 125-34.
The seven vanguard plaintiffs' claims within Counts 125-134 are as follows:
Robert Bachrach Counts 125, 126
Sylvia Rosh Count 127
Ruth Dudrow Count 127
Tatiana Pollock Counts 127, 128
Marion Morley Counts 129, 130
Eugene Cederbaum (Executor) Counts 131, 132
Dora Massoff Counts 133, 134
In each of these counts, the plaintiffs allege that Levy and Vitale "gave substantial assistance to East Hill Woods with respect to its conduct as set forth above and . . . [their] own conduct, separately considered, constituted a breach of duty to the plaintiffs . . ." The plaintiffs allege in each of these counts that Levy and Vitale are liable to them for "acting in concert with East Hill Woods." CT Page 13255
In the Supplemental Memorandum of Decision on Motion for Summary Judgment #1 filed by these defendants, this court has already granted summary judgment on these counts in favor of Levy and in favor of Vitale in his capacity as legal counsel to East Hill Woods, but has denied the motion as to Vitale in his capacity as an officer and trustee. The ground raised in that motion was the nonexistence of a duty of the movants as counsel to East Hill Woods to act on behalf of the plaintiffs, who contracted with that entity. In the present motion, the movants raise the alternative ground that the statute of limitations has expired, since any action in concert with East Hill Woods that related to the disclosure statements at issue took place before each plaintiff signed his or her residence agreement.
As this court explained in its original ruling on this motion, all of the contract dates except Ms. Massoff's are more than three years prior to the institution of suit. Ms. Massoff alleges that she executed her residence agreement in reliance on the disclosure statement that was submitted to the Department of Social Services in October 1994. Her allegation is therefore that the movants, acting in concert with East Hill Woods, completed the allegedly faulty disclosure before October 1994, more than three years before she instituted suit.
The plaintiffs' claims of acting in concert are tort claims that must be brought within three years of the act or omission to which the complaint is directed. Unless a tolling doctrine applies, the claims of all seven plaintiffs in counts 125-134 are time barred.
This court adopts the reasoning in its ruling on Ernst 
Young's motion for summary judgment rejecting the plaintiffs' claim that the six-year statute of limitation provided for statutory violations of the Continuing Care Act applies to the common law tort of acting in concert. The court also adopts its discussion in its original ruling on the instant motion concerning the applicability of tolling doctrines, which do not apply with regard to claims against Levy or with regard to claims against Vitale as legal counsel, but which have not been shown to be inapplicable with regard to claims against Vitale in his capacity as an officer and trustee of East Hill Woods.
Conclusion
The motion is denied as to the seven plaintiffs' claims in CT Page 13256 Counts 125-134 against Joseph A. Vitale as an officer and as a trustee of East Hill Woods. It is granted as to the claims against Levy Droney, P.C. and as to Vitale as legal counsel to East Hill Woods, and judgment shall enter in their favor as to the claims made against them by the seven vanguard plaintiffs in that capacity in Counts 125-134.
Beverly J. Hodgson Judge of the Superior Court